## HENRY PLUMMER *vs.* EDWARD J. GRAY.

An action on the Rev. Sts. *c.* 50, § 12, to recover back money lost at gaming, cannot be maintained by the loser after the expiration of three months from the loss.

ACTION OF CONTRACT by a loser of money at gaming, on th Rev. Sts. *c.* 50, § 12, which provide that any "person, losing money at gaming and paying it to the winner, may sue for and recover such money, in an action for money had and received to the use of the plaintiff, or he may bring a special action on the case therefor ; and if the person, so losing said money, shall not, within three months after such loss, without coercion or collusion, prosecute with effect for such money, it shall be lawful for any other person to sue for and recover treble the value of such money, with full costs of suit, in an action of debt, the one moiety to the use of the person so prosecuting, and the other moiety to the use of the Commonwealth."

At the trial in the superior court of Suffolk at January term 1856, *Abbott*, J. ruled that this action could not be maintained, because it was not commenced until more than three months after the money was lost by the plaintiff and won by the defendant. A verdict was taken for the defendant, and the plaintiff alleged exceptions.

*W. L. Burt*, for the plaintiff.

No counsel appeared for the defendant.

SHAW, C. J. The Rev. Sts. *c.* 50, § 12, differ from the previous *St.* of 1785, *c.* 58, in not expressly limiting the right of action of the loser to three months ; but we are of opinion that such a limitation must be implied from the other provisions of the section.

The Rev. Sts. *c.* 50, § 12, give a right of action to the loser exclusively for his own benefit, and time enough to bring it but if he does not, then a right is given to the person who may sue *qui tam*, to recover three times the amount lost, one half to his own use, and one half to the use of the Commonwealth — a right utterly inconsistent with that of the loser. The loser has

no right at common law to recover back of the winner the money lost at gaming; the statute is an enabling act, and the proceedings of the plaintiff must follow it strictly. After three months, the right of action is vested in other persons, to other uses; and not being concurrent, the right of action of the loser is by necessary implication devested.        *Exceptions overruled.*